## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MICHAEL P. MACDONALD,

    Plaintiff,

v.

CAPE COD CENTRAL RAILROAD, INC.,
CAPE RAIL, INC., AND
P. CHRIS PODGURSKI

    Defendants.

Civil Action No. 18-cv-12175

### <u>VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF</u>

Plaintiff, Michael P. MacDonald, by and through undersigned counsel, hereby files this Complaint against Cape Cod Central Railroad, Inc., Cape Rail, Inc. and P. Chris Podgurski for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (hereinafter the "ADA") and the ADA's Accessibility Guidelines, 36 C.F.R. § Pt. 1191, App. B, App. D (hereinafter the "Accessibility Guidelines").  In further support hereof, Plaintiff states as follows:

### JURISDICTION

1.   This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343 for the Plaintiff's claims arising under 42 U.S.C. § 12181 *et seq.*, based upon the Defendants' failure to remove physical barriers to access and violations of Title III of the ADA; and 28 U.S.C. §§ 2201, 2202.

### PARTIES

2.   The Plaintiff resides at 689 Main Street, Cotuit, Massachusetts 02635.  He is disabled as defined by the ADA and substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching. The Plaintiff uses a wheelchair for mobility purposes and has done so for over 31 years.  Plaintiff's access

to the Defendants' Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was restricted and/or limited because of these disabilities, and will be restricted and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including those set forth in this Complaint.

3.     On or about August 8, 2018, the Plaintiff was an invitee of Cape Cod Central Railroad, Inc., and Cape Rail, Inc.  The Plaintiff encountered barriers to access at the Defendants' Facility, engaged those barriers, and suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the Defendants' ADA violations set forth herein.

4.     Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the Defendants' actions or inaction described herein.

5.     The Defendants, Cape Cod Central Railroad, Inc. and Cape Rail, Inc. transact business in this judicial district.  Defendant P. Chris Podgurski resides in Canton, Massachusetts, and is the President and a Director of Cape Cod Central Railroad, Inc. and Cape Rail, Inc.   The Defendants are the owners and/or operators of the Cape Cod Central Railroad Costal Excursion Trains which are the subject of this action (hereinafter "Facility").

### FACTUAL ALLEGATIONS AND CLAIM

6.     The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, was signed into law on July 26, 1990.

7.     In passing the ADA, Congress found, among other things, that:

   a.   some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

b.  historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c.  discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d.  individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; and,

e.  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1)-(3), (5), (9), PL 101-336, § 2, 104 Stat 327 (1990), amended by ADA Amendments Act of 2008, PL 110-325, September 25, 2008, 122 Stat 3553 (2008).

8.    Congress explicitly stated in part that the purpose of the ADA was to:

a.  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)-(2), (4).

9. The congressional legislation provided places of public accommodation 18 months from the enactment of the ADA to implement the requirements imposed by the ADA. Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA on July 26, 1991. The effective date of Title III of the ADA was January 26, 1992; or July 26, 1992, if the business had 25 or fewer employees and gross receipts of $1,000,000 or less; or January 26, 1993 if the business had 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § Pt. 36.508.

10. Pursuant to 42 U.S.C. § 12181(8), the ADA applies to "rail" and "railroad," as defined by 49 U.S.C. § 20102.

11. The Facility is a public accommodation and service establishment.

12. The Facility must be, but is not, in compliance with the ADA and the Accessibility Guidelines.

13. The Plaintiff has attempted to gain access to the Facility on or about August 8, 2018, but on account of Plaintiff's disability, has been denied access to, and has been denied the benefits of, services, programs and activities, privileges, advantages and/or accommodations of the Facility, and has otherwise been discriminated against and damaged by the Defendants, due solely to the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future by the Defendants because of Plaintiff's

disability, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

14.     Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this Facility, but will be unable to do so because of Plaintiff's disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property that preclude and/or limit Plaintiff's access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

15.     The Defendants have discriminated against the Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. §§ 12182, 12184 *et seq.*, and will continue to discriminate against the Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including the Plaintiff.

16.     Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit the Plaintiffs ability (because of Plaintiff's disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, includes:

    a.  There is not an accessible route throughout the Facility. 36 C.F.R. § Pt. 1191, App. B, § 206; 36 C.F.R. § Pt. 1191, App. D, §§ 304-305, 403-405.

    b.  There is not an accessible means of egress. 36 C.F.R. § Pt. 1191, App. B, §§ 207, 216; 36 C.F.R. § Pt. 1191, App. D, §§ 402, 404.

c. There are doors that are inaccessible. 36 C.F.R. § Pt. 1191, App. B, § 206; 36 C.F.R. § Pt. 1191, App. D, §§ 402, 404.

d. The entrance is inaccessible. 36 C.F.R. § Pt. 1191, App. B, § 206; 36 C.F.R. § Pt. 1191, App. D, §§ 402, 404.

e. There are no ramps to access the Facility. 36 C.F.R. § Pt. 1191, App. D, § 405.

f. The restrooms are inaccessible. 36 C.F.R. § Pt. 1191, App. B, § 213; 36 C.F.R. § Pt. 1191, App. D, §§ 304, 603.

g. The restroom door is inaccessible. 36 C.F.R. § Pt. 1191, App. D, § 404.

h. The restrooms lack sufficient clear floor space, maneuvering clearance and turning space. 36 C.F.R. § Pt. 1191, App. B, § 213; 36 C.F.R. § Pt. 1191, App. D, §§ 304-305, 603.

i. The water closets are inaccessible. 36 C.F.R. § Pt. 1191, App. B, § 213; 36 C.F.R. § Pt. 1191, App. D, §§ 603-604.

j. There are no directional or informational signs providing direction to or information about the interior of the Facility. 36 C.F.R. § Pt. 1191, App. B, § 216.

17. The above list is not to be considered all-inclusive of the barriers, conditions or violations encountered by the Plaintiff and/or which exist at the Facility. The Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

18. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § Pt. 36.304.

19. The Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until the

Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

20. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

21. Pursuant to 42 U.S.C. § 12188(a), this Court has the authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the Accessibility Guidelines.

WHEREFORE, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing the discriminatory practices set forth herein; order the Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and, award Plaintiff reasonable attorney's fees, litigation expenses and costs as provided by the ADA.

Respectfully submitted,

**MICHAEL P. MACDONALD,**

By his Attorneys,

Jeremy Y. Weltman (BBO No. 662293)
jweltman@hermesnetburn.com
Michelle M. Byers (BBO No. 684836)
mbyers@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
 & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, Massachusetts 02110-3113
(617) 728-0050 (tel)
(617) 728-0052 (fax)

Dated: September 27, 2018.

## VERIFICATION

I, Michael P. MacDonald, Plaintiff in the above-captioned matter, hereby certify under the pains and penalties of perjury that I have fully read the within Verified Complaint and that the facts stated therein are true and accurate to the best of my knowledge.


_____
Michael P. MacDonald

Date: