UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. MACDONALD )<br><br>VS. )<br><br>CAPE COD CENTRAL RAILROAD, INC.; )<br>CAPE RAIL, INC. and P. CHRIS )<br>PODGURSKI )<br> ) | CASE NO: 1:16-CV-12175-FDS |

## ANSWER OF DEFENDANTS CAPE COD CENTRAL RAILROAD, INC.; CAPE RAIL, INC.; AND P. CHRISTOPHER PODGURSKI TO THE PLAINTIFF'S COMPLAINT.

Defendants Cape Cod Central Railroad, Inc.; Cape Rail, Inc.; and P. Christopher Podgurski ("Defendants"), by and through the undersigned counsel, hereby answer Plaintiff Michael P. MacDonald's complaint as follows:

## INTRODUCTORY ALLEGATION

Defendants admit that the plaintiff filed a complaint for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. 12181, et seq. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), which speaks for itself.

## JURISDICTION

1. Defendants have insufficient information with which to admit or deny the allegations found in paragraph 1 and call upon the Plaintiff to prove the same.

## PARTIES

2. Defendants have insufficient information with which to admit or deny the allegations found in paragraph 2 and call upon the Plaintiff to prove the same.   In particular, and without limitation, Defendants have no knowledge as to the residence of the Plaintiff, any

claimed disability of the Plaintiff, and whether any access to the subject facility or facilities was or will be restricted in the future.   Defendants deny that the there are any violations of the ADA that existed at the facility or facilities or otherwise, including those set forth in the Complaint.

3. Defendants have insufficient information with which to admit or deny the allegations found in paragraph 3 and call upon the Plaintiff to prove the same. Defendants deny that the there are any violations of the ADA that exist at the facility or facilities, including those set forth in the Complaint. Defendants further deny that the Plaintiff has any legal standing under the ADA or otherwise to bring the within Complaint.

4. Defendants have insufficient information with which to admit or deny the allegations found in paragraph 4 and calls upon the Plaintiff to prove the same. Defendants deny that the there are any violations of the ADA that exist at the facility or facilities, including those set forth in the Complaint. Defendants further deny that the Plaintiff has any legal standing under the ADA or otherwise to bring the within Complaint.

5. Defendants admit that they transact business in the Commonwealth and within the judicial district of this Court; and that P. Chris (Christopher) Podgurski resides in Canton, MA and is an officer and director of the two railroads.

## FACTUAL ALLEGATIONS AND CLAIM.

6. Defendants admit that Congress enacted the ADA, which speaks for itself.

7. The allegations in paragraph 7 are conclusions of law as to which no response is required. To the extent that any answer is required, Defendants state that the findings of Congress speak for themselves.

8. The allegations in paragraph 8 are conclusions of law as to which no response is required. To the extent that any answer is required, Defendants state that the findings of Congress speak for themselves.

9. The allegations in paragraph 9 are conclusions of law as to which no response is required. To the extent that any answer is required, Defendants state that the findings of Congress speak for themselves.

10. Defendants deny the allegations in paragraph 10 and call upon the Plaintiff to prove the same. Further answering, defendants state that the facilities of the defendant are exempt from ADA compliance-see 49 C.F.R. § 37.107.

11. Defendants deny the allegations in paragraph 11 and call upon the Plaintiff to prove the same. Further answering, defendants state that the facilities of the defendant are exempt from ADA compliance-see 49 C.F.R. § 37.107.

12. Defendants deny the allegations in paragraph 12 and call upon the Plaintiff to prove the same. Further answering, defendants state that the facilities of the defendant are exempt from ADA compliance-see 49 C.F.R. § 37.107.

13. Defendants deny the allegations in paragraph 13 and call upon the Plaintiff to prove the same.

14. Defendant deny the allegations in paragraph 14 and call upon the Plaintiff to prove the same. Defendants have insufficient information with which to admit or deny the allegations in paragraph 14 including the allegation that Plaintiff intends to visit the facility again or to utilize the facility and calls upon the Plaintiff to prove the same. Defendants deny that the there are any violations of the ADA that exist at the facility, including those set forth in the Complaint. Defendant further denies that the Plaintiff has

any legal standing under the ADA or otherwise to bring the within Complaint. Further

answering, defendants state that the facilities of the defendant are exempt   from ADA

compliance-see 49 C.F.R. § 37.107.

15.   Defendants deny the allegations in paragraph 15 and calls upon the Plaintiff to prove the

same.  Defendants deny that the there are any violations of the ADA that exist at the

facility, including those set forth in the Complaint. Defendant further deny that the

Plaintiff has any legal standing under the ADA or otherwise to bring the within

Complaint.  Further answering, defendants state that the facilities of the defendant are

exempt from ADA compliance-see 49 C.F.R. § 37.107.

16.   Defendants deny the allegations in paragraph 16 and call upon the Plaintiff to prove the

same.  Defendants deny that the there are any violations of the ADA that exist at the

facility, including those set forth in the Complaint. Defendants further deny that the

Plaintiff has any standing under the ADA or otherwise to bring the within Complaint.

Further answering, defendants state that the facilities of the defendant are exempt  from

ADA compliance-see 49 C.F.R. § 37.107.

17.   Defendants deny the allegations in paragraph 17 and call upon the Plaintiff to prove the

same.  Defendant denies that the there are any violations of the ADA that exist at the

facility, including those set forth in the Complaint. Defendants further deny that the

Plaintiff has any standing under the ADA or otherwise to bring the within Complaint.

Further answering, defendants state that the facilities of the defendant are exempt  from

ADA compliance-see 49 C.F.R. § 37.107.

18.   Defendants deny the allegations in paragraph 18 and call upon the Plaintiff to prove the

same.  Defendants deny that the there are any violations of the ADA that exist at the facility, including those set forth in the Complaint. Defendant further deny that the Plaintiff has any standing under the ADA or otherwise to bring the within Complaint. Further answering, defendants state that the facilities of the defendant are exempt  from ADA compliance-see 49 C.F.R. § 37.107.

19.   Defendants deny the allegations in paragraph 19 and call upon the Plaintiff to prove the same.  Defendants deny that the there are any violations of the ADA that exist at the facility, including those set forth in the Complaint. Defendant further deny that the Plaintiff has any standing under the ADA or otherwise to bring the within Complaint. Further answering, defendants state that the facilities of the defendant are exempt  from ADA compliance-see 49 C.F.R. § 37.107.

20.   Defendants have insufficient information with which to admit or deny the allegations found  in paragraph 20 and call upon the Plaintiff to prove the same. Defendant denies that there are any violations of the ADA that exist at the facility or facilities, including those set forth in the Complaint. Defendants further deny that the Plaintiff has any legal standing under the ADA or otherwise to bring the within Complaint. Further answering, defendants state that the facilities of the defendant are exempt         from ADA compliance-see 49 C.F.R. § 37.107.

21.   The allegations in paragraph 21 are conclusions of law as to which no response is required. To the extent that any answer is required, Defendants states that laws and such regulations speak for themselves.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred since the facilities are exempt from ADA compliance pursuant to 49 C.F.R. § 37.107 and in particular 49 C.F.R. § 37.107 (c) since the facilities are of historic or antiquated character including, but not limited that the facilities are more than 30 years old; the manufacturer of which is no longer in business or manufacturing said rail passenger cars; the facilities have consequential association with events or persons significant to the past; and the facilities embody or were restored to embody the distinctive characteristics of a type of rail passenger car used in the past or to represent a time which has passed.  See USC 12101-12212; and 49 USC 322.

2. Plaintiff lacks legal standing to bring and assert the claims in the within case.

3. Although exempt from ADA compliance, plaintiff's claims are barred because with respect to any particular architectural elements  that depart from accessibility guidelines, the facilities have provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or usability of the facility or facilities.

4. Plaintiffs' claims are barred because the claimed violations are "de minimis," and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

5. Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks pursuant to the ADA are not "readily, achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9).

6. Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA and/or they do not trigger an "alteration"

legal standard, including because the modifications sought will be disproportionate in cost.

7. Plaintiff's claims are barred because the alterations made are sufficient in that they satisfy the "to the maximum extent feasible" standard. 28 C.F.R. § 36.402(a)(1); 42 U.S.C §12183(a)(2).

8. Plaintiff's claims that the facility was designed in violation of the ADA are barred tot the extent the facility were designed and constructed prior to the effective date of the ADA or federal regulations.

9. Without admitting any liability, defendants have made good faith efforts to comply with the ADA, including providing appropriate alternative access, to the extent possible.

10. Defendants are not legally responsible for property that is not within their possession, custody, or control and in particular as to any alleged claims involving property that is or was under the care, custody and control of its lessor or landlord.

11. Defendants aver that the plaintiff has not presented sufficient evidence so that defendants can evaluate any proposed solution, the difficulty of accomplishing it, the cost of implementation, and the economic operation of the facility.

**WHEREFORE**, Defendants requests the following:

1.      That a Judgment of dismissal with prejudice of the Plaintiff's Complaint be entered in their favor and that the Defendants be awarded costs and reasonable attorney's fees.

2.      For such other and further relief as to this Court may deem just and proper.

By their Attorneys,


/s/ Scott A. Schlager_____

Alvin S. Nathanson, BBO # 367480

Scott A. Schlager, BBO # 695421

Dated: November 5, 2018    Nathanson & Goldberg, PC

Two Atlantic Avenue, 5th floor

Boston, MA 02110

(617) 210-4800

asn@natgolaw.oom

sas@natgolaw


## CERTIFICATE OF SERVICE

I, Scott A. Schlager, hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

on November 5, 2018.

/s/ Scott A. Schlager